United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FCE BENEFIT ADMINISTRATORS, INC.,

Plaintiff,

v.

INDIAN HARBOR INSURANCE COMPANY,

Defendant.

Case No. 21-cv-00186-CRB

**ORDER DENYING EX PARTE APPLICATION**

On February 22, 2022, the Court vacated the hearing in the above-captioned case and granted summary judgment to Defendant Indian Harbor Insurance Company on its counterclaims regarding overpayment beyond the $3 million liability limit.  See Order (dkt. 60).  The Court held that Plaintiff FCE Benefit Administrators, Inc. must pay $281,672.16 restitution, as well as prejudgment interest.  FCE filed an ex parte application requesting oral argument on the ground that the Court misunderstood (and thus failed to consider) one of the arguments in its brief.  See Ex Parte Application (dkt. 61).

In its application, FCE insists that, in arguing that there were factual issues as to whether Indian Harbor subjectively believed the $5 million limit applied at the time that it overpaid, FCE was arguing that the overpayment occurred because of a "mistake of law" for which restitution is unavailable.  Id.  Yet this argument cannot fairly be found in FCE's opposition, which did not cite cases on the mistake-of-law exception to restitution or any relevant provision of the Restatement.  See Opp. (dkt. 52) at 19-20.  The Court concludes that it did not miss the argument and will not grant the application for oral argument.  Nor

does it meet the standard for reconsideration.[1]  See Civil L.R. 7-9(b).  Accordingly, the ex

parte application is DENIED.

**IT IS SO ORDERED.**

Dated: March 7, 2022



CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

---

[1] If the Court were to consider this argument, it would conclude that there is no genuine
issue of material fact as to whether the overpayment resulted from Indian Harbor's mistake
about California law.  The record makes clear that the overpayment resulted from Indian
Harbor's failure to correctly note its payments in its own records.